COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

In the Interest of H. N. H., a Child,

Appellant.

No. 08-17-00233-CV

Appeal from the

388th District Court

of El Paso County, Texas

(TC# 2010CM1478)

§

§

§

§

§

§

## **O R D E R**

By rule of the Texas Supreme Court, this appeal is subject to a super-accelerated timetable and it must be disposed of within 180 days from the date of filing. *See* TEX.R.JUD'L ADMIN. 6.2. On December 21, 2017, the trial court entered an order finding that Appellant can afford to pay the costs of this appeal. Appellant did not challenge this determination. Consequently, Appellant is required to pay for the reporter's record. On December 28, 2017, we issued an order requiring Appellant to make financial arrangements to pay for the record by January 6, 2018 and establishing the due date for the reporter's record as January 21, 2018. The order also directed Appellant to notify the Court is no reporter's record was going to be filed. Further, the order provided that if no reporter's record was filed, the Appellant's brief would be due on January 26, 2018. The reporter's record was not filed. On January 25, 2018, the court reporter notified the Court that Appellant has not made financial arrangements to pay for the reporter's record. Further, Appellant has not filed her brief or a motion requesting an extension of time to file the brief, and counsel has not responded to the Court's inquiries regarding the late brief.

The Court concludes that the reporter's record has not been filed due to the fault of the Appellant. *See* TEX.R.APP.P. 37.3(c)(2). Under Rule 37.3(c), the Court would ordinarily give Appellant notice that the case will be submitted without a reporter's record and the appeal will be restricted to those issues which do not require a reporter's record for a decision. Even though this is a civil appeal, Appellant has a right to the effective assistance of counsel on appeal, and the Court is obligated to ensure that this right is being honored. Given that Appellant's brief has not been filed and Appellant's counsel has failed to respond to the Court's inquiries regarding the brief, we find it necessary to order the trial court to conduct a hearing to determine why the brief has not been filed.

It is therefore ORDERED that the trial judge conduct a hearing to determine whether Appellant desires to prosecute her appeal, and if she does, whether Appellant has been deprived of effective assistance of counsel. Because the appeal is super-accelerated, the Court requests that the trial court conduct the hearing as soon as possible, but no later than 21 days from the date of this order. The trial court is authorized to hear evidence and to make appropriate findings and recommendations. The trial judge shall take such measures as may be necessary to assure effective assistance of counsel, which may include appointment of appellate counsel. The trial court's written findings and any orders shall be included in a supplemental clerk's record and forwarded to the Court for filing on or before March 11, 2018. The reporter's record of the hearing is due to be filed no later than seven days after the hearing. The motion to dismiss filed by Appellee on February 7, 2018 will not be acted upon until after the Court has had an opportunity to review the record of the hearing and the trial court's findings.

IT IS SO ORDERED this 9th day of February, 2018.


PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.

2